IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>BRYAN KEITH RICHARDSON,<br><br>        Defendant.<br>_____ / | No. CR 09-00624 SI & C 10-5203 SI<br><br>**ORDER RE: 2255 MOTION TO VACATE, MOTION TO APPOINT COUNSEL & FOR EVIDENTIARY HEARING, AND MOTION FOR ACCESS TO LAW LIBRARY** |

Defendant Bryan Keith Richardson, proceeding in pro se, has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Case No. 09-624, Doc. 31. Defendant has also filed a motion for appointment of counsel and for an evidentiary hearing. Doc. 49. And defendant has filed a second motion for access to the law library. Doc. 39.[1] For the reasons set forth below, the Court rules as follows.

**BACKGROUND**

Defendant pleaded guilty to eight counts of bank robbery, in violation of 18 U.S.C. § 2113(a). Doc. 29. The Court sentenced defendant to a 120 month term of imprisonment on each count, to run concurrently, and remanded him to the custody of the United States Marshal. *Id.* As part of his plea agreement, defendant gave up his right to appeal his convictions, the judgment, and any orders of the Court. Doc. 18, ¶ 4. He also waived his right to appeal "any aspect" of his sentence. *Id.* And he agreed not to file "any collateral attack" on his convictions or sentences, "including a petition under 28 U.S.C.

---

[1] On February 9, 2011, upon request of defendant, the Court ordered that defendant be permitted additional access to the prison law library. *See* Docs. 36 & 37.

§ 2255," except for a claim that his constitutional right to the effective assistance of counsel was violated. *Id.* ¶ 5. Defendant was sentenced by this Court on his federal criminal convictions on February 12, 2010, and judgement was entered on February 18. Docs. 29 & 30. Defendant did not appeal.

In his Section 2255 motion, and again in his motion for appointment of counsel and for evidentiary hearing, defendant explains that he was on parole from the California Department of Corrections when he was arrested for the bank robberies. Doc. 31 at 6. The State revoked his parole based on his commission of the bank robberies, and he was sentenced to one year in State prison. *Id.* Defendant served his state prison term from May 13, 2009 until May 13, 2010. *Id.* at 6 & Ex. B (Sentence Monitoring Computation Date). The computation of his federal sentence began on May 13, 2010, the day defendant finished serving his state sentence. *Id.* Ex. B.

The fact of defendant's state parole revocation was raised in the Presentence Report but was not discussed by the parties in their sentencing memoranda. Nor did the Presentence Report state that defendant had been ordered to serve a year in State prison. The sentence and judgment in this case are silent as to defendant's state sentence. This means that defendant was sentenced to have his state and federal terms run consecutively. *See* 18 U.S.C. § 3584 ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.").

**LEGAL STANDARD**

A prisoner in custody under sentence of a federal court who wishes to attack collaterally the validity of his conviction or sentence must do so by filing a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the court which imposed the sentence. Under 28 U.S.C. § 2255, the federal sentencing court is authorized to grant relief if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). If the court finds that relief is warranted under Section 2255, it must "vacate and set the judgment aside" and then do one of four things: "discharge the prisoner or resentence him or grant a

new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b); see also *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999).

**DISCUSSION**

**I.  Consecutive sentences**

Defendant makes one basic argument in support of his motion. He argues that under U.S.S.G. 5G1.3(b) or 5G1.3(c), the Court should or would have sentenced him to have his state and federal sentences run concurrently, because the federal and state charges arose from the same operative conduct. Even if a concurrent sentence was not required by U.S.S.G. 5G1.3(b), it was permitted by 5G1.3(c). Defendant argues that his attorney should have directed the Court's attention to his state parole revocation, and to U.S.S.G. 5G1.3, and that if the Court had considered that particular section of the Guidelines it would have ordered that defendant's federal and state sentences be served concurrently. Defendant argues that it is clear that the Court intended for him to serve a ten year sentence, but in fact he is serving an eleven year sentence.

The government responds that, pursuant to the terms of his plea agreement, defendant is only permitted to make a collateral attack on his sentence by arguing that his constitutional right to the effective assistance of counsel was violated. The government argues that defendant was not denied effective assistance of counsel.

Defendant replies that he is not bringing an ineffective assistance claim, and he argues that the waiver in his plea agreement should be construed narrowly, to permit him to challenge the district court's interpretation or application of U.S.S.G. § 5G1.3.

In support of his argument that he has not waived his right to challenge his sentence, defendant cites several cases. In one of the cases, *United States v. Bowman*, 634 F.3d 357 (6th Cir. 2011), the Sixth Circuit held that the defendant's challenge to the district court's interpretation of U.S.S.G. § 5G1.3 and imposition of a federal sentence consecutive to his state sentence was not barred by his plea agreement. In that case, the defendant had signed a plea agreement that stated:

> the Defendant knowingly waives the right to appeal any sentence which is at or below the maximum of the guideline range as determined by the court. The Defendant retains the right to appeal a sentence above the guideline range. This waiver is in exchange for the

3

concessions made by the U.S. Attorney's Office in this plea agreement. The Defendant also waives the right to challenge such a sentence and the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, § 2255.

*Id.* at 360. Similarly, in *United States v. Brown*, 232 F.3d 44 (2d Cir. 2000), the Second Circuit held that the defendant's waiver did not encompass his right to appeal the district court's application of U.S.S.G. § 5G1.3. There, as in *Bowman*, the defendant had waived his right to appeal "any sentence within or below the stipulated Guidelines range." *Id.* at 46. In *United States v. Stearns*, 479 F.3d 175 (2nd Cir. 2007), the Second Circuit again allowed an appeal based on the district court's application of U.S.S.G. § 5G1.3, where the defendant waived "the right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2) and collaterally attack any sentence imposed by the Court which is the same as or less than the statutory mandatory minimum sentence of 120 months imprisonment." *Id.* at 177.

All of these cases have one thing in common: the defendant waived the right to appeal sentences of a certain length, and the courts interpreted that waiver narrowly to permit U.S.S.G. § 5G1.3 challenges. Here, in contrast, defendant waived the right to appeal "any aspect" of his sentence or file "any collateral attack" on his sentence, "including a petition under 28 U.S.C. § 2255." There is no ambiguity in the waiver. Defendant may not appeal his sentence or raise any argument on his § 2255 petition other than an argument that he received ineffective assistance of counsel.

Even if defendant were permitted to challenge his sentence directly, or if he had attempted to bring an ineffective assistance of counsel claim, the Court would deny his petition.[2] Application Note 3 to U.S.S.G. 5G1.2 states that 5G1.2(c) "applies in cases in which the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense and has had such probation, parole, or supervised release revoked." It applies where, as here, the defendant's probation was revoked for the same conduct that gave rise to the federal prosecution. *See United States v. Fifield*, 432 F.3d

---

[2] In order to prevail on a Sixth Amendment ineffectiveness of counsel claim, a petitioner must establish two things. First, he must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

4

1056, 1061–63 (9th Cir. 2005). Under U.S.S.G. 5G1.2(c), the federal sentence can be "imposed to run concurrently, partially concurrently, *or* consecutively." U.S.S.G. 5G1.2 (emphasis added). The Court did not err when it imposed a consecutive sentence, but rather exercised discretion specifically permitted by the Guidelines.

Defendant's state parole was revoked because he committed these new federal offenses, but the term in state prison that he was ordered to serve was part of a sentence for a different crime. The Court sentenced defendant to serve a 120 month federal sentence consecutively to his term in state prison. Although this was not discussed on the record, it was not done by mistake. Defendant's 2255 Motion is DENIED.

## II.   Detention credits

In his 2255 Motion, defendant appears to make a second argument: that he should have been awarded detention credits on his federal sentence for the time he spent in custody on the state sentence, since the underlying bases for custody are identical. In reply, he states that the only reason the Bureau of Prisons calculated his sentence incorrectly is because they calculated it as though he had been sentenced to consecutive terms, and he should have been sentenced to concurrent terms. It is not clear whether or not defendant raises his calculation challenge independently of his U.S.S.G. 5G1.2 challenge. The Court lacks the jurisdiction to address the argument, however. *See Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1980).

Defendant's argument relates not to the legality or constitutionality of his sentence, but rather to how his sentence has been calculated by the Bureau of Prisons. The government correctly points out that defendant may not bring these claims in a Section 2255 motion before his sentencing court, but rather he can only bring them, if at all, by filing a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the federal district court in the district where he is incarcerated. *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984) ("Review of the execution of a sentence may be had through petition for a writ of habeas corpus under 28 U.S.C. § 2241 . . . [which] can issue only from a court with jurisdiction over the prisoner or his custodian."). Defendant is currently incarcerated in F.C.I. Victorville in Adelanto, California, which is located in the Central District of California.

5

The remainder of defendant's 2255 Motion, to the extent that it is not abandoned, is DISMISSED for lack of jurisdiction. If defendant remains concerned about how his sentence has been calculated by the Bureau of Prisons, he may file a petition for a writ of habeas corpus in the Central District of California after properly exhausting his administrative remedies through the Bureau of Prisons. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924 (9th Cir. 1993).

## CONCLUSION

For the foregoing reasons and for good cause should, defendant's Section 2255 motion is DENIED IN PART and DISMISSED IN PART. Because defendant's Section 2255 motion is no longer pending before this Court, the Court DENIES defendant's motion to appoint counsel and for an evidentiary hearing as moot, and the Court also DENIES defendant's motion for access to the law library as moot. (Docs. 31, 39, 49).

**IT IS SO ORDERED.**

Dated: July 6, 2011

SUSAN ILLSTON
United States District Judge