IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>BRYAN KEITH RICHARDSON,<br><br>    Defendant.<br>_____/ | No. C 09-00624 SI<br><br>**ORDER DENYING DEFENDANT'S MOTION** |

On May 8, 2014, defendant Bryan Keith Richardson, a federal prisoner incarcerated at the Federal Correctional Institution-Gilmer in Glenville, West Virginia, filed a document entitled "Motion for Appropriate Relief." Docket No. 60. In the motion, Richardson argues that prison officials have improperly modified and increased his payment schedule under the Inmate Financial Responsibility Program ("IFRP") and are attempting to further increase his quarterly payments in retaliation for his filing of grievances. *Id.*

On September 25, 2009, defendant Richardson pleaded guilty to eight counts of bank robbery in violation of 18 U.S.C. § 2113(a). Docket Nos. 18-19. On February 12, 2010, the Court sentenced defendant to a 120 month term of imprisonment on each count, to run concurrently, and to pay an $800 special assessment and $12,088 in restitution. Docket No. 29. In the special instructions section of the judgment, the Court ordered: "While in custody, payments of not less than $25 per quarter shall be paid towards the special assessment and not less than $25 per quarter shall be paid towards restitution through the BOP Inmate Financial Responsibility Program." *Id.* at 6. By the present motion, defendant Richardson challenges the BOP's decision to increase his scheduled payments under the IFRP to $50

per quarter and the BOP's attempt to further increase his scheduled payments to $150 per quarter. Docket No. 60.

Habeas "petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to [28 U.S.C.] § 2241 . . . ." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000); *see also United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984) ("Review of the execution of a sentence may be had through petition for a writ of habeas corpus under 28 U.S.C. § 2241."). Courts within the Ninth Circuit have found that a petition that challenges the BOP's execution of the court's restitution order in deducting payments from an inmate's account under a payment schedule is properly brought pursuant to 28 U.S.C. § 2241. *See, e.g.*, *Vondette v. Ives*, No. CV 13-07351-DSF (VBK), 2014 U.S. Dist. LEXIS 22260, at *9-10 (C.D. Cal. Jan. 13, 2014); *Robinson v. Sanders*, No. CV 12-06091-JST (VBK), 2013 U.S. Dist. LEXIS 129365, at *6-9 (C.D. Cal. Jul. 1, 2013); *Bell v. Copenhaver*, No. 1:12-cv-01540-BAM (HC), 2013 U.S. Dist. LEXIS 55158, at *3-4 (E.D. Cal. Apr. 17, 2013); *see also, e.g.*, *Ward v. Chavez*, 678 F.3d 1042, 1046 (9th Cir. 2012) (reviewing the merits of a § 2241 habeas petition challenging the BOP's administration of the IFRP under the Mandatory Victims Restitution Act); *United States v. Lemoine*, 546 F.3d 1042, 1046 (9th Cir. 2008) (same). Therefore, the Court construes the present motion as a § 2241 petition.

However, this Court lacks venue over Richardson's § 2241 petition. "[A] § 2241 petition must be filed in the district where the petitioner is in custody." *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006); *accord Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012); *Hernandez*, 204 F.3d at 864-65. Here, Richardson's address shows that he is currently imprisoned at the Federal Correctional Institution-Gilmer in Glenville, West Virginia. Docket Nos. 60-62. Therefore, if Richardson wishes to challenge the BOP's modification of his payment schedule under the IFRP, then he must file a § 2241 petition with the District Court for the Northern District of West Virginia. *See, e.g.*, *Lemoine*, 546 F.3d at 1044-45 (noting that during the procedural history, the sentencing court refused to hear the petitioner's challenges to the BOP's administration of the IFRP because any such challenges would need to be made under § 2241 and be filed with the custodial court rather than the sentencing court). Accordingly, the Court DENIES defendant Richardson's motion. *See, e.g.*, *Rodriguez-Martinez v. United States*, No. CR 06-00055 EJD, 2012 U.S. Dist. LEXIS 140964, at *3 (N.D. Cal. Sept. 28, 2012) (denying petition where

the relief sought was available only pursuant to § 2241, but the petition was filed with the sentencing court rather than in the district where the petitioner was incarcerated). This order resolves Docket No. 60.[1]

**IT IS SO ORDERED.**

Dated: June 30, 2014

SUSAN ILLSTON
United States District Judge

---

[1] The Court denies the motion, rather than transfer it to the Northern District of West Virginia, since the pleadings are technically incorrect. Should he wish to pursue these claims in the Northern District of West Virginia, Mr. Richardson should do so pursuant to 28 U.S.C. § 2241.