UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>    Plaintiff,<br><br>    v.<br><br>RICHARDSON,<br><br>    Defendant. | Case No. 09-cr-00624-SI-1<br><br>**ORDER GRANTING STAY**<br>Re: Dkt. Nos. 72, 73, 74 |

Defendant applied to the Ninth Circuit Court of Appeals for authorization to file a second or successive 28 U.S.C. § 2255 motion. *See* Dkt. No. 67 at 1-2. This petition was granted. *See* Ninth Circuit Case No. 16-71314. In granting the petition, the Ninth Circuit invited this Court to stay proceedings pending the resolution of *Gardner v. United States*, Ninth Circuit Case No. 15-72559 and *Jacob v. United States*, Ninth Circuit Case No. 15-73302. The Court accordingly stayed the present matter pending the Ninth Circuit's decisions in these cases. Dkt. No. 69.

On August 1, 2016, the Ninth Circuit lifted the stay in both *Gardner* and *Jacob*, and transferred those cases back to the district courts in which they originated. Gardner Dkt. No. 42; Jacob Dkt. No. 39. This Court then requested briefing from the parties in this case on the question of whether the present stay order should remain in place in light of United States Supreme Court's resolution of *Beckles v. United States*, No. 15-8544 (cert. granted June 27, 2016). Dkt. No. 72.

The parties submitted supplemental briefs in response to the Court's order. Dkt. Nos. 73, 74. Defendant's projected release date for his current 120-month sentence is August 28, 2019. Defendant's projected post-*Johnson* Guidelines range would be 110-137 months. Dkt. No. 73 at 6. If that guideline assessment proves accurate, the 120-month sentence originally imposed by the Court (in accordance with the parties' Rule 11-c-1-c plea agreement) is within the applicable guideline range even if the Supreme Court rules in favor of retroactivity, and the low end of the guideline range is still well beyond the time the defendant will have served by June 2017, which is

when the Supreme Court is expected to rule on *Beckles*. Even if, as defendant conjectures, he earns the maximum available good time credit on a recalculated low-end guideline sentence, his release date would not be before June 2017, the expected *Beckles* decision date. In light of this, the Court finds that there is little risk that defendant will be in danger of "overserving" his sentence prior to the Supreme Court's resolution of *Beckles*. It is unlikely that *Beckles* will fail to decide the issue of whether *Johnson* is retroactive to the Guidelines, as that was the question presented in the petition for *certiorari,* and that was the question on which the Supreme Court granted *certiorari*. *Beckles v. United States*, No. 15-8544, 2016 WL 1029080 (June 27, 2016). *Contra* Dkt. No. 73 at 5-6.

The Court acknowledges the liberty interest at stake, and acknowledges the split among courts in the Northern District of California concerning the prejudice determination in deciding whether to grant or deny a stay. However, on the present record, defendant has not shown a fair possibility that he will be prejudiced by a stay of the proceedings pending a decision of the Supreme Court in *Beckles*. This reasoning accords with prior orders of this Court; this Court denied a stay where defendant's anticipated release date was December 14, 2016, and granted a stay where defendant's anticipated release date was August 26, 2021. *See USA v.* Bernard, 12-cr-00780-SI, Dkt. No. 41; *USA v. Nottingham*, 14-cr-00553-SI, Dkt. No. 33.

The Court will maintain the present stay. This order is without prejudice to defendant filing a motion to lift the stay at a later time, should the *Beckles* decision be delayed beyond its expected decision date or should other good cause appear.

The proceedings are STAYED until further order of this Court. The parties shall file a joint status report and/or any appropriate motion upon the earlier of: (a) seven days after the Supreme Court's decision in *Beckles*, or (b) July 20, 2017.

**IT IS SO ORDERED**.

Dated: August 23, 2016

_____
SUSAN ILLSTON
United States District Judge