UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br>        Plaintiff,<br>    v.<br>RICHARDSON,<br>        Defendant. | Case No. 09-cr-00624-SI-1<br><br>**ORDER DENYING DEFENDANT'S MOTION**<br><br>Re: Dkt. No. 77 |

On September 19, 2016, defendant Bryan Keith Richardson, a federal prisoner at the Federal Correctional Institution in El Reno, Oklahoma ("FCI El Reno"), filed a document entitled "Motion for Appropriate Relief."[1] Dkt. No. 77. In the motion, defendant argues that prison officials are not providing him with necessary psychiatric treatment or medications. *Id.*

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). A mentally ill prisoner may establish unconstitutional treatment by prison officials by showing that officials have been deliberately indifferent to his serious medical needs. *Doty v. Cnty. of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994). Such a claim, however, is not properly framed as a "Motion for Appropriate Relief" made to an inmate's sentencing judge. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement . . . may be brought pursuant to § 1983"); *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citations omitted) ("Challenges to the validity of any confinement or to

---

[1] Defendant currently has an unrelated motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 filed with the Court. Dkt. No. 67. The Court stayed defendant's section 2255 motion pending the Supreme Court's resolution of *Beckles v. United States*, No. 15-8544, 136 S. Ct. 2510 (cert. granted June 27, 2016). Dkt. No. 75.

particulars affecting its duration are the province of habeas corpus [citation]; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.").

This Court sentenced defendant nearly seven years ago. Defendant now asks the Court, in the same action under which he was sentenced, to order prison officials at FCI El Reno (located in El Reno, Oklahoma) to provide him with psychiatric treatment and medication. S*ee* Dkt. No. 77. The Court recognizes defendant's desire to receive treatment during incarceration and his frustration about frequent housing transfers. Should defendant wish to challenge his conditions in custody, however, he must do so in an appropriate civil rights action, naming prison official defendants, in a court with jurisdiction over the dispute and the parties. This Court simply cannot provide the relief defendant seeks in his motion. Accordingly, defendant's motion is DENIED.

This order resolves Dkt. No. 77.

**IT IS SO ORDERED**.

Dated: November 22, 2016

_____
SUSAN ILLSTON
United States District Judge