UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>BRYAN KEITH RICHARDSON,<br>Defendant. | Case No. 09-cr-00624-SI-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR JUDICIAL RECOMMENDATION**<br><br>Re: Dkt. No. 88 |

On August 27, 2018, defendant Bryan Keith Richardson, an incarcerated federal prisoner, filed a document entitled "Motion for Judicial Recommendation for Appropriate Relief." Dkt. No. 88. For the reasons set forth below, the Court DENIES defendant's motion.

Defendant Richardson was charged with several counts of 18 U.S.C. § 2113(a), Unarmed Bank Robbery, by Grand Jury on May 4, 2009. Dkt. No. 1. On September 25, 2009, defendant pleaded guilty to eight counts of bank robbery. Dkt. Nos. 18-19. On February 12, 2010, the Court sentenced defendant to a 120-month term of imprisonment on each count, to run concurrently, and a 3-year term of supervision for counts 1-8, to run concurrently. Dkt. No. 29.

In the present motion, Richardson requests that the Court "order" the Bureau of Prisons ("BOP") to set defendant's time in the Second Chance Act RRC placement for 271-365 days, rather than the ordered 120 days. Dkt. No. 88 at 2.

**DISCUSSION**

"The Bureau of Prisons has the statutory authority to choose the locations where prisoners serve their sentence." *U.S. v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (per curiam) (citing 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment.")).

> While a [district court] judge has wide discretion in determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served. Authority to determine the place of confinement resides in the executive branch of the government and is delegated to the Bureau of Prisons.

*Id*. (quoting *U.S. v. Dragna*, 746 F.2d 457, 458 (9th Cir. 1984) (per curiam). Moreover, district court recommendations to the BOP are non-reviewable, and any appeal will be dismissed for lack of jurisdiction. *Id*.

The BOP is authorized to "designate any available penal or correctional facility . . . that the Bureau determines to be appropriate and suitable," including halfway houses (i.e., RRCs). *See Rodriquez v. Smith*, 541 F.3d 1180, 1182 (9th Cir. 2008) ("Under 18 U.S.C. § 3621(b), the BOP has authority to designate the place of an inmate's imprisonment."). The recommendations of the sentencing court to the BOP regarding where the sentence should be served are given only non-binding weight. 18 U.S.C. § 3621(b).

As a discretionary matter, this Court declines to make a recommendation to the BOP concerning the length of defendant's halfway house placement. Nearly ten years after this Court sentenced Richardson, the BOP is in a much better position than the Court to consider Richardson's request in light of his circumstances and the availability and suitability of halfway house facilities.

## CONCLUSION

In accordance with the foregoing, the request for a recommendation to the BOP regarding halfway house placement is DENIED.

**IT IS SO ORDERED**.

Dated: January 30, 2019

_____
SUSAN ILLSTON
United States District Judge

2