UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>    Plaintiff,<br><br>    v.<br><br>RICHARDSON,<br><br>    Defendant. | Case No. 09-cr-00624-SI-1<br><br>**ORDER OF TRANSFER TO THE CENTRAL DISTRICT OF CALIFORNIA RE: DEFENDANT'S MOTION FOR HABEAS CORPUS RELIEF**<br><br>Re: Dkt. No. 95 |

On February 21, 2019, Mr. Richardson filed a Motion for Application of the First Step Act of 2018. Dkt. No. 95. The Federal Public Defender's office filed a Supplemental Motion for Habeas Corpus Relief Under 28 U.S.C. § 2241, explaining that pursuant to the recalculation under the First Step Act, Mr. Richardson could be released as early as June 2019. Dkt. No. 96 at 2.

The government argues that this Court does not have jurisdiction over the matter because "habeas relief is issuable only in the district of confinement," requiring the defendant to seek relief in the Central District of California, where he is in custody. See Dkt. No. 101 at 2-3 citing *Rumsfeld v. Padilla*, 542 U.S. 426, 428 (2004)); *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008) (citing *Hernandez v. Campbell*, 204 F. 3d 861, 864 (9th Cir. 2000) ("Motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, whereas petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court.").

The Court agrees with defendant's contention that habeas relief is generally issuable only in the district of confinement. As a result, Mr. Richardson must seek relief in the Central District of California, where he is in custody. The Court hereby TRANSFERS the matter to the Central District of California, in an effort to expedite a ruling in light of Mr. Richardson's impending potential June 2019 release date.

**IT IS SO ORDERED**.

Dated: April 11, 2019

_____
SUSAN ILLSTON
United States District Judge